IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE CUSTODIO COLON,

    Plaintiff,

    v.                                    CIVIL NO. 03-2097 (RLA)

VIRGILIO AYALA,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Plaintiff filed this civil action alleging that the defendant, VIRGILIO AYALA, a Special Agent for the Drug Enforcement Administration (DEA), violated plaintiff's Fourth and Fourteenth Amendment rights when he searched and seized the plaintiff's car as well as $3,000 in cash without a warrant on January 22, 1998.

    In summary, plaintiff's complaint sets forth two claims. The first claim is one for $100,000.00 in damages caused by the alleged infringement of his constitutional rights. This claim falls under the parameters set forth in Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] The second claim requests the return of the seized vehicle and currency.

---

[1] Although plaintiff invokes a cause of action under 42 U.S.C. § 1983, the Court will liberally construe it as a Bivens action applicable to constitutional violations allegedly committed by federal employees. See Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics. 403 U.S. 388 (1971).

**CIVIL NO. 03-2097 (RLA)**                                                              **Page 2**

FACTUAL BACKGROUND

According to defendant's Statement of Uncontested Facts (UF),[2] on January 22, 1998, plaintiff JOSE CUSTODIO COLON was arrested and charged with distribution of controlled substances (UF #1). That same date, at approximately 3:00 p.m., several persons entered the parking lot of the Federico Degetau Federal Building in Hato Rey, Puerto Rico, in plaintiff's car, a 1991 Burgundy Mazda Protegé. At approximately 7:30 p.m., DEA Special Agent VIRGILIO AYALA, who had been notified of the presence of the vehicle, approached the group in the parking lot as they were going back to the car (UF #2-3).

Special Agent AYALA advised the group that the vehicle was subject to inspection pursuant to federal building regulations and asked the individuals if they had any weapons, drugs, or money in the vehicle. The group replied in the negative (UF #4).

When Special Agent AYALA opened the trunk of the vehicle, the agent found a black shaving kit which contained $3,000 in currency. The individuals initially refused to answer Special Agent AYALA's questions regarding who owned the vehicle; however, they later indicated that it belonged to plaintiff JOSE CUSTODIO COLON. Both the vehicle and the currency were then seized by Special Agent AYALA (UF #507).

---

[2] Plaintiff's Statement of Contested Material Facts attempts to challenge defendant's Uncontested Facts Nos. 4 and 13, but his arguments are unsupported by the record and therefore lack evidentiary support.

On January 30, 1998, the vehicle was "quick released" to FirstBank, as an innocent lienholder of the vehicle. On March 16, 1998, notice of the seizure of the currency was sent to CUSTODIO COLON at his place of incarceration and at his home address by certified mail. The record reveals that those notices were received on March 24 and 26, 1998, respectively. On April 15, 1999, inasmuch as no claims had been filed as to the currency, the DEA declared the $3,000.00 administratively forfeited to the United States.

## PROCEDURAL HISTORY

This complaint was filed on October 9, 2003. An Amended Complaint, along with a motion seeking service of process by publication, was filed on January 22, 2004. However, the defendant voluntarily submitted to the jurisdiction of this Honorable Court on March 11, 2004.

According to defendant, prior to the filing of this action, the plaintiff had already filed another action based on the same facts that gave rise to this complaint. That case was filed on February 28, 2000, and assigned Civil Number 00-1252 (CCC) (UF #12). A review of the petition reveals that plaintiff sought the return of the seized items but did not request damages in the previous action (UF #13).

After 00-1252 (CCC) was filed, defendant AYALA sought its dismissal for lack of proper service. See Docket Report for Civil No. 00-1252 (CCC), docket No. 9. The Court denied the motion to

dismiss and allowed the plaintiff, who was by then represented by counsel, an additional time to effect service on defendant AYALA. See Docket Report for Civil No. 00-1252 (CCC), docket No. 13.

Some time later, defendant AYALA renewed his motion to dismiss. See Docket Report for Civil No. 00-1252 (CCC), docket No. 15. Once more, the Court denied the motion and granted some additional time for plaintiff to serve process on defendant AYALA. See Docket Report for Civil No. 00-1252 (CCC), docket No. 20.

Ultimately, plaintiff's habeas petition was dismissed for failure to comply with the Court's deadlines. Judgment was entered on June 13, 2002, dismissing the complaint with prejudice. CUSTODIO COLON filed a motion for reconsideration on June 20, 2002, which was denied on October 15, 2002. See Docket Report for Civil No. 00-1252 (CCC), docket No. 23.

## DISCUSSION

### Standard for Summary Judgment

Summary judgment should be entered in favor of the movant party if, inter alia, the pleadings, affidavits and other documents establish that there is no genuine issue to be tried as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Although it is undisputed that a court should give the party opposing the summary judgment the benefit of indulging all reasonable

**CIVIL NO. 03-2097 (RLA)**                                                                 **Page 5**

inferences in that party's favor, <u>Maldonado-Denis v. Castillo-Rodríguez</u>, 23 F.3d 576, 581 (1st Cir. 1994), on issues where the non movant bears the burden of proof, he must present definite, competent evidence to rebut the motion. <u>U.S. v. One Parcel of Real Property</u>, 960 F.2d 200, 204 (1st Cir. 1992).

The moving party bears the initial burden of averring an absence of evidence to support the non movant's case. Once that burden is met, the non moving party may not rest on mere allegations or denials, or on his pleadings, but rather must set forth specific facts supported by affirmative evidence, showing that there exists a genuine issue for trial. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986).

### **Plaintiff's Bivens Claim is Time-barred**

It is well settled that actions filed under <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), are subject to a one-year statute of limitations. <u>Pitts v. United States</u>, 109 F.3d 832, 834 (1st Cir. 1997) (tort claims against DEA agents pursuant to <u>Bivens</u> subject to Puerto Rico's one-year statute of limitations); <u>Roman v. Townsend</u>, 224 F.3d 24, 29 (1st Cir. 2000) (same).

As the Amended Complaint reveals, the facts that give rise to this action took place on January 28, 1998, the date when the alleged illegal search and seizure took place. However, it was in October

2003 that plaintiff first filed this damages action against defendant. This is clearly outside the statute of limitations.

Even if the Court were to consider that the action filed under Civil Number 00-1252 (CCC) included a <u>Bivens</u> claim for damages, which it did not, the claims would nevertheless still be time-barred because the habeas action was filed on February 28, 2000, more than two years after the items were seized. Thus, the record is devoid of any indication that the statute of limitations was tolled by the plaintiff.

In his first case, Civil Number 00-1252 (CCC), judgment was entered on June 13, 2002, dismissing the complaint. Regarding the Motion for Reconsideration filed by plaintiff on June 20, 2002, and denied by the Court on October 15, 2002, it is evident that although plaintiff did not title his motion as such, the motion for reconsideration was nothing more than a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), which rule provides, where pertinent, that "a motion under this subdivision (b) does not affect the finality of a judgment or suspends its operation."

Moreover, even in the event that plaintiff had included a <u>Bivens</u> claim in his first action, which he did not, and even if he was to somehow show that his original action was not time-barred, which he has not, the action filed under this case would still be time-barred.

Consequently, the motion for "reconsideration" filed by plaintiff did not affect the finality of the judgment entered by the

**CIVIL NO. 03-2097 (RLA)** **Page 7**

Court on June 13, 2002. Inasmuch as this complaint was filed on October 9, 2003, it is time-barred since it was filed more than a year after the entry of judgment in civil case 00-1252 (CCC). See Fresh-O-Baking Co. v. Molinos de Puerto Rico, 103 D.P.R. 509, 516 (1975) (the one-year statute of limitations is tolled from the time of the filing of the complaint until the date of the judgment of dismissal); Silva-Wiscovich v. The Weber Dental Mfg., 119 D.P.R. 550, 562 (1986) (same).

Therefore, plaintiff's Bivens claims are time-barred under any of the scenarios discussed above.

### VIRGILIO AYALA is not Proper Party Defendant

Even though the plaintiff alleges that defendant AYALA was the one who illegally seized the cash and the vehicle, the Drug Enforcement Administration (DEA) is the entity authorized by law to seize the property and to institute forfeiture proceedings. The DEA's authority to seize and administratively forfeit property is found in 21 C.F.R. § 1316.71 et seq. Although the agents are authorized by law to carry out the seizures, they do so on behalf of the agency. Hence, only the agency can be called upon and compelled to return the property.

Plaintiff's complaint presents claims against Special Agent AYALA as the only defendant; yet it is clear that he is not the proper party from whom to seek relief. Accordingly, the claims

**CIVIL NO. 03-2097 (RLA)** **Page 8**

against VIRGILIO AYALA, seeking return of the forfeited items, are hereby DISMISSED, as he is not the proper party defendant.

### Our Jursidiction to Review the Administrative Forfeiture is Limited

Pursuant to 19 U.S.C. § 1607(a), an agency of the United States commences administrative forfeiture proceedings by giving notice to the person having an interest in the property. Once a claimant receives such notice, he or she can challenge the administrative forfeiture by filing a timely claim with the DEA. 19 U.S.C. § 1608; 28 C.F.R. §§ 9.1-9.5; 21 C.F.R. §§ 1316.75-76. The filing of a timely claim stops the administrative forfeiture process and the matter is referred to the United States Attorney for institution of judicial forfeiture proceedings. 19 U.S.C. §§ 1603(b), 1608; 21 C.F.R. §§ 1316.76(b), 1316.78. If the claimant, however, does not file a timely claim before the agency, the property will be declared summarily forfeited. 19 U.S.C. § 1609(a); 21 C.F.R. § 1316.77.

It has long been established that judicial review of an administrative declaration of forfeiture is limited to collateral due process attacks. See, e.g., United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995) (district courts have jurisdiction to entertain collateral due process attacks on administrative forfeitures). Sarit v. Drug Enforcement Administration, 987 F.2d 10, 17 (1st Cir. 1993); Toure v. United States, 24 F.3d 444 (2nd Cir. 1994); United States v. Schinnelli, 80 F.3d 1064 (5th Cir. 1996); Linarez v. U.S. Department of Justice, 2 F.3d 208) (7th Cir. 1993); Madewell v. Downs, 68 F.3d

**CIVIL NO. 03-2097 (RLA)**                                                                 **Page 9**

1030 (8th Cir. 1995); United States v. $10,000 in U.S. Currency, 860 F.2d 1511 (9th Cir. 1988); United States v. Eubanks 169 F.3d 672 (11th Cir 1999).

In United States v. Schiavo, 897 F.Supp. 644 (D.Mass. 1994), a case in which the defendant challenged an administrative declaration of forfeiture arguing that the seizure was executed in violation of his Fourth Amendment rights, the court refused to review because defendant had not raised that argument during the administrative proceedings below. A similar argument was presented and the same result was reached by the Court in Linarez v. U.S. Dept. of Justice, 2 F.3d 208, 213 (7th Cir. 1993). See also, Laconia Savings Bank v. United States, 116 F. Supp. 2d 248, 253 (D.N.H. 2000).

Regarding the seizure of the $3,000.00 in cash in this action, the record reveals that on March 16, 1998, notice of the seizure of the currency was sent to CUSTODIO COLON at his place of incarceration and at his home address by certified mail. It is undisputed that the notices were received on March 24 and 26, 1998, respectively. It is undisputed as well that no one filed a claim to the currency, which freed the DEA to declare the $3,000.00 administratively forfeited to the United States on April 15, 1999.

Inasmuch as CUSTODIO COLON was given notice of the seizure of the $3,000.00 and chose not to file a claim to contest it, he cannot, at this state of the proceedings, be permitted to seek judicial review of the April 1999 administrative declaration of forfeiture.

**CIVIL NO. 03-2097 (RLA)**                                                                 **Page 10**

Indeed, the record reveals that he was afforded adequate notice of the seizure so as to satisfy any due process concerns. See González-González v. United States, 257 F.3d 31, 36 (1st Cir. 2001) (to satisfy due process, notice must be reasonably calculated to inform the interested party of the contemplated forfeiture and to offer the party a fair chance to present a claim). It is not necessary that notice actually be received. United States v. Schiavo, 897 F.Supp. At 648 (D.Mass. 1995); Krecioch v. United States, 221 F.3d 976, 981 (2nd Cir. 2000).

Furthermore, as the undisputed evidence reveals, notice of the seizure of the $3,000.00 in cash was sent to the plaintiff at his place of incarceration in accordance with established case law. See Dusenberry v. United States, 534 U.S. 161 (2002); United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995) (seizing agencies must send notice to place of incarceration). Notice was also sent to CUSTODIO's home address as well. Both notices were received at their intended addresses.

Regarding the vehicle, the record reveals that it was released to FirstBank, the registered lienholder over the vehicle, pursuant to the DEA's "quick release" policy. 28 C.F.R. § 8.6 governs the quick release authority prior to administrative forfeiture. The Code of Federal Regulations 28, section 8.6 states that:

> Where the forfeiture proceedings are administrative, the Special Agent in Charge, prior to the forfeiture, is authorized to release property seized for forfeiture. The property can be quick released when the Special Agent in

**CIVIL NO. 03-2097 (RLA)**                                                        **Page 11**

> Charge deems that there is an innocent owner having an immediate right to possession of the property or when the release would be in the best interest of justice and the Government.

28 C.F.R. § 8.6 (1999).

The policy is designed to limit the quickly diminishing value of an asset to protect innocent owners as well as to limit storage and maintenance fees.  Pursuant to the quick release policy, the seizing agency can release the asset to a person or entity with a legitimate ownership interest in the property, prior to initiating administrative forfeiture proceedings.

The DEA's authority to "quick release" a seized asset derives from Attorney General Order No. 898-80, found at 45 Fed.Reg 44.267 (July 1, 1980).  This Order instructs the DEA to develop and implement a procedure for the release of seized property to innocent parties having an interest in that property, when it is determined that it is not in the best interests of justice to initiate forfeiture proceedings against the property. See also, 28 C.F.R. § 0.101.  This responsibility is delegated to the Special Agent in Charge by virtue of 21 C.F.R. § 1316.73. See Little v. United States of America, 134 F. Supp.2d 855 (E.D. Mich. 2001) (court dismissed challenge to the DEA's authority to quick release a vehicle).

In the case before us, the 1991 Mazda Protegé was "quick released" to FirstBank on January 30, 1998, as evidenced by the Hold Harmless Agreement entered into between FirstBank and the DEA (UF #8).  Thus, plaintiff's claim for the return of the vehicle does not

**CIVIL NO. 03-2097 (RLA)**                                                                 **Page 12**

proceed because the DEA no longer has the vehicle. It was released to FirstBank as an innocent owner pursuant to the authority prescribed in the federal regulations.

## CONCLUSION

It appearing that under any of the intended theories of recovery, plaintiff's claims are not supported by the facts nor applicable legal standards, the Amended Complaint must be and is hereby DISMISSED.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 16th day of August, 2005.

                                                    S/Raymond L. Acosta
                                                    RAYMOND L. ACOSTA
                                        United States District Judge